SAMUEL WRIGHT *vs.* C. M. WILCOX.

Submitted on briefs Jan. 6, 1893.   Decided Feb. 24, 1893.

**A Contract Construed.**

A written contract provided that in consideration of the sale of certain personal property to the two parties of the second part they should *at once* pay a specified sum of money, and, further, that one of them should (the time therefor not being stated) convey certain real estate, and that the other should relinquish a certain tree claim, "this last agreement not to be performed until" the parties of the first part should have paid a debt of theirs which was secured by a mortgage on the personal property sold. *Held*, that the expressed condition precedent qualified *both* of the last-mentioned agreements.

Appeal by plaintiff, Samuel Wright, from a judgment of the District Court of Dakota County, *Crosby*, J., entered May 21, 1892, that he was not entitled to any relief in the action.

On April 13, 1889, L. L. Wright & Co. of Spencer, Iowa, party of the first part, made a written contract with George D. Cottrel and C. M. Wilcox, party of the second part, to sell, and did thereby sell and transfer to them a stock of drugs and a soda fountain. In

consideration thereof the party of the second part agreed to, and did pay L. L. Wright & Co. $900, and Wilcox agreed to deed to said L. L. Wright fifteen lots constituting the east half of block six (6) in Edgwood's Addition to South St. Paul in Dakota County, Minn., and Cottrel agreed to relinquish all his interest in a tree claim in Hanson County, Dakota. This last agreement.was not to be performed, however, until L. L. Wright & Co. discharged all indebtedness existing and owing on the soda fountain. L. L. Wright & Co. agreed to at once surrender possession of the stock of drugs and soda fountain, and within six months to pay off the indebtedness on the fountain. On June 15, 1889, L. L. Wright assigned to the plaintiff all his right to a conveyance of twelve of these lots, and he brought this action to enforce performance. There was an indebtedness of $300, and interest on the soda fountain secured by a mortgage thereof. L. L. Wright & Co. never paid this, and the fountain was taken by the creditor and sold to pay it.

The defendant then sold and conveyed a part of the twelve lots to other parties, and contends that the true construction of the contract is that he was not to convey the lots to Wright until Wright & Co. had paid the indebtedness on the fountain. The trial court so held, and denied the specific performance prayed. Plaintiff appealed.

*Welch, Botkin & Welch* and *Hodgson & Schaller*, for appellant.

The construction of the contract upon which plaintiff brings this action is the only matter involved in this suit. Was the agreement of C. M. Wilcox to deed to L. L. Wright the half block dependent upon the agreement of L. L. Wright & Co. to pay the indebtedness then existing on the soda fountain? If so, then the plaintiff is not entitled to any relief.

No time is specified in which Wilcox was to deed the lots; a deed might be demanded upon the execution and delivery of the contract. L. L. Wright & Co. had six months in which to pay the indebtedness on the soda fountain, and George D. Cottrel was to relinquish his tree claim when the indebtedness on the soda fountain was paid.

We contend that the agreement of L. L. Wright & Co. to pay the indebtedness on the soda fountain was neither a condition precedent, nor a condition subsequent, to the agreement of Wilcox to convey, but that these were independent agreements, made by different parties, that the failure of L. L. Wright & Co. to pay such claim only forfeited their right. to require a relinquishment of the tree claim.

*Lawler, Durment & Bigelow*, for respondent.

The defendant had sold a part of the lots. The plaintiff having asked that defendant be compelled to convey the entire twelve lots, and not having asked for or adduced any evidence on which the court could order a conveyance of those unsold, with compensation for those sold to third parties, the conclusion that plaintiff was not entitled to any relief in this action was inevitable. Fry, Sp. Performance, (3 Am. Ed.) §§ 969, 970, 971; *Casady* v. *Scallen*, 15 Iowa, 93; *Smith* v. *Kelley*, 56 Me. 64; *Gupton* v. *Gupton*, 47 Mo. 37.

L. L. Wright & Co. had failed to perform a material part of their contract. The defendant and his firm had been damaged thereby. Plaintiff's assignors had become insolvent, and departed from the jurisdiction of the court, and the defendant was without remedy. To compel him to perform by conveying the lots, and to permit plaintiff's assignors to thus escape performance or payment of damages, would be a fraud upon defendant. In such cases it is equitable and within the discretion of the court to refuse performance. The court could not enforce performance of the entire contract by all parties to it in this action. Story's Eq. J. §§ 742, 750, 769; *Willard* v. *Tayloe*, 8 Wall. 557; *Alworth* v. *Seymour*, 42 Minn. 526; *Brown* v. *Munger*, 42 Minn. 482.

By the express terms of the contract, the payment of the indebtedness on the soda fountain was a condition precedent to the right to have a conveyance of the lots from the defendant; it is an entire contract. Fry, Sp. Performance, (3 Am. Ed.) 419, 420, note; *Huey* v. *Grinnell*, 50 Ill. 179; *Youell* v. *Allen*, 18 Mich. 107.

Only a part of the contract was assigned. An assignment of part of a contract is no assignment, unless the defendant consent. *Man-*

*deville* v. *Welch,* 5 Wheat. 277; *Beardslee* v. *Morgner,* 73 Mo. 25; *Chicago & N. W. Ry. Co.* v. *Nichols,* 57 Ill. 464.

DICKINSON, J. The plaintiff sues to enforce the specific performance of a contract for the conveyance by the defendant of certain lots of land. Upon the facts found by the court, it was considered that the plaintiff was not entitled to relief. Judgment was entered for the defendant, from which the plaintiff has appealed. The contention of the appellant calls for a consideration and construction of the contract, as to whether the undertaking of the defendant to convey the land was unconditional, or was subject to a condition precedent.

The parties to the contract were "L. L. Wright & Company," (consisting of L. L. Wright and Della T. Wright,) as parties of the first part, and the firm of "Cottrel & Wilcox," of which this defendant was a member, as parties of the second part, the contract being executed by both Cottrel and by the defendant, Wilcox, who also assumed the individual obligation here sought to be enforced. The express consideration of the engagements on the part of the parties of the second part was the sale and delivery to them by the parties of the first part of certain personal property, including all their interest in a certain soda fountain. In consideration of this the parties of the second part agreed to pay $900 in cash, "at the time of the delivery of this contract; said C. M. Wilcox, one of the parties aforesaid, further agrees to deed to said L. L. Wright, by a good and sufficient warranty deed, fifteen lots, [described;] and as further consideration for the agreements herein contained, said George D. Cottrel agrees to relinquish all his right, title, and interest in and to a certain tree claim now held by him, which tree claim is located and situated in Hansen county, Dakota territory, *this last agreement not to be performed, however, until said L. L. Wright & Company shall have discharged all indebtedness now existing and owing on a certain soda fountain,* [here referring to the soda fountain embraced in the sale;] said L. L. Wright & Company, on their part, agreeing to surrender the possession of the aforesaid property to said parties of the second part at once; and they further agree that they will pay off and satisfy all indebtedness now owing on the aforesaid soda fountain within six

months from the date hereof." L. L. Wright. has assigned to the plaintiff all his right and interest under the contract, as respects the lots, (a part only of the lots agreed to be conveyed,) a conveyance of which is here sought to be compelled. When the contract, from which we have recited, was executed, there was an indebtedness of more than $300 "against said soda fountain," which was secured by a mortgage of the fountain. This was not paid, L. L. Wright & Co. having failed to perform their agreement in that particular, and the holders of the mortgage took and sold the fountain to pay the debt.

· It will be noticed that the contract explicitly provides that the chattels sold should be delivered "at once," and that the money consideration was to be paid "at the time of the delivery of this contract." The contract being thus explicit as to the time of performance in those particulars, it is a significant fact that, unless the clause which we have put in italics is to be regarded as referring in part to the preceding agreement for the conveyance of this land, no time is designated therefor. The bare agreement to convey the land may well be deemed to contemplate performance at a future time, especially in view of the fact that the explicit provisions for immediate performance are expressly restricted to the delivering of the chattels sold and the payment of the money consideration. It is not probable that the parties, making other provisions thus explicit, intended that the time for the performance of the obligation to convey the land should be left wholly indefinite. These considerations, in connection with the further fact that the land to be conveyed was a part of the price for the chattels sold, including the soda fountain, which was incumbered with a debt which the sellers of it undertook to pay off, lead to the conclusion that the condition recited in italics referred not alone to the immediately preceding provision as to the tree claim, but also to the agreement to deed the land here in question. In other words, an express condition of the obligation to convey the land was that the other party should first, and within the period of six months, pay off the indebtedness, which was a lien on the soda fountain. That condition precedent not having been performed, the defendant's obligation to convey never became absolute. It is conceded by the ap-

pellant that if this is the proper construction of the contract the case was rightly decided.

Judgment affirmed.

(Opinion published 54 N. W. Rep. 483.)

