DAVID R. BARRETT v. BOARD OF COMMISSIONERS OF ATLANTIC CITY.

Submitted July 3, 1913—Decided November 5, 1913.

A resolution of the commissioners removed the prosecutor from his office of comptroller of Atlantic City for ignoring a *supersedeas*, staying the payment of a judgment, and for failure to comply with the provisions of the statute, and the ordinances regulating the duties of the office of comptroller. *Held*, that the power of removal vested in the commissioners by section 4, *Pamph. L.* 1911, *p.* 466, was legally exercised.

On *certiorari* removing resolution.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the prosecutor, *Endicott & Endicott.*

For the defendant, *Theodore W. Schimpf.*

The opinion of the court was delivered by

MINTURN, J.   The writ of *certiorari* in this case is designed to bring up for review the proceedings of the commissioners of Atlantic City in removing the prosecutor from the office of comptroller of that city.

In January, 1912, the prosecutor was duly elected comptroller under the former city charter, and he was re-elected by the commissioners on July 23d, 1912, under the new system of city government.   By the adoption of the new form of government the board of water commissioners which existed became *functus officio* and its duties devolved upon the department of parks and public property, under the supervision and control of one of the commissioners.

While the board of water commissioners was in control a contract was entered into by them for the building of a water main from Absecon pumping station to Atlantic City, in which the West Jersey and Seashore railroad by reason of the intersecting location of its tracks across the meadows was involved.

The railroad succeeded in obtaining a judgment against the board of water commissioners, which remained unpaid when the commissioners took over the city government.   The payment of this judgment was stayed by this court upon a writ of *certiorari,* and at the time of the issuing of the city warrant for its payment by the prosecutor was the subject of litigation between the city and the railroad company.   On December 30th, 1911, this court had granted a writ of *certiorari,* which operated as a *supersedeas,* directed to the water commissioners and to the city comptroller, requiring them

to desist from paying the judgment. Section 109 of the laws of 1912, page 102, regulating the duties of the comptroller, provides *inter alia,* that he shall "first audit the bill containing or making up such claim with a view to ascertain whether the items or calculations are correct, and after so auditing, shall deliver said bill to the officer, department or committee of city council having control of the appropriation and against which said claim is made and against which the warrant is to be drawn." The officer having control of this appropriation was the director of parks and public property, of whose department the water bureau was a part. The approval of this department was not obtained.

The ordinances of the city approved November 30th, 1906, provide *inter alia,* that at least twice in each month, once prior to the 15th and once prior to the 30th thereof, the comptroller shall submit to the mayor all bills, payrolls and other accounts, and that the comptroller shall issue no warrant for the payment of any bill, payroll, or other account, or item thereof, unless the mayor has over his signature approved the payment of such bill, payroll or other account. The comptroller prior to issuing the warrant in question did not obtain the approval of the mayor, as required by this ordinance.

The dereliction of duty charged against the prosecutor was that in violation of the direction contained in the writ of *supersedeas* as well as in violation of the said provisions of the charter and ordinances, he as comptroller of the city issued a warrant and caused to be paid to the West Jersey and Seashore Railroad Company the sum of $21,681.72 without any written authorization, order or voucher from the board of commissioners of the city. He was found guilty of the charges after a hearing, and by resolution the commissioners removed him from his office. This resolution involving the legality of his removal presents the subject-matter of this controversy.

It is contended that the prosecutor was convicted of an offence with which he had not been charged. Our examination of the charges satisfies us that this contention possesses

no substantial merit. The charges against him presented a threefold aspect, *i. e.,* that he violated a standing order of the court enjoining payment of the judgment, and that he drew his warrant in violation of the prescribed statutory method, as well as in violation of the procedure outlined in the city ordinance.

He was tried upon these three specifications, contained in written charges which had been served upon him; his defence was framed to meet these charges; he was examined concerning them, and he was found guilty accordingly.

The fact that he now urges that the old board of water commissioners had ordered the bill paid was manifestly no excuse for his violation of duty, in view of the *supersedeas* of this court, which enjoined payment of the judgment, and which was directed specifically to him as comptroller of the city. The violation of the *supersedeas* was not only a transgression of his official duty, but also quite obviously was a contempt of the prerogative writ of this court. *McWilliams* v. *King,* 3 *Vroom* 21; *Hunt* v. *Lambertville,* 17 *Id.* 59.

The obligation underlying the judgment was one entered into by the water commissioners, and the judgment was against that board, and not distinctively against the city *eo nomine.*

The disposition of the commissioners was to investigate and to contest the validity of the judgment, and in this posture of affairs the prosecutor upon his own initiative and contrary to the prescribed statutory methods of fiscal administration, ordered the judgment paid, and thus thwarted the contemplated municipal action to test its validity.

The fact that he was advised in this course of action by the city solicitor may present an extenuation in the realm of morals, and may remove the act from the category of acts *malum in se,* but it presents no valid legal excuse for a course which to the ordinary intelligent official mind must have appeared pregnant with legal difficulties, in view of an existing injunction clear in its terms, and of a prescribed legal method of fiscal procedure, with which as an official charged with

knowledge of his duties he must be presumed to have been familiar. Under such circumstances the advice of counsel affords neither justification nor palliation for the malfeasance. *Cape May, &c., Railroad Co.* v. *Johnson,* 8 *Stew. Eq.* 422; *West Jersey Traction Co.* v. *Camden,* 29 *Vroom* 540.

It is urged that because one of the commissioners who sat in judgment on the prosecutor's case was the city treasurer, who paid the warrant, and against whom a similar charge was pending, the prosecutor did not secure a fair and impartial trial. Mr. Bayer who had been elected as one of the commission of the city by popular vote was the city treasurer, who honored the warrant drawn by the prosecutor, when presented in due course.

We are not pointed to any statute or ordinance under which the treasurer could well have done otherwise, in the absence of any knowledge of fraud or wrong-doing upon the part of the comptroller in drawing the warrant.

In any event, however, he was constituted by statute one of the governing body of the city, and charged by law with the investigation and trial of offences of this character by city officials. *Pamph. L.* 1911, *p.* 466, § 4.

The fact that a charge was pending against him of a similar nature did not deprive him of the capacity and power to try an official appointed by the commission, who was charged with violating his official duty. The section of the act of 1911 above referred to conferred upon the commission the power to remove for cause after public hearing, and in that respect the necessary legal requisites seem to have been complied with.

The remaining objections urged by the prosecutor do not recommend themselves to us as valid grounds for nullifying the judgment of the commission, and we therefore affirm it, with costs.