No. 38.—JAMES PYRON, plaintiff in error, *vs.* THE STATE, *ex. rel.* JOHN H. LOWE, defendant.

[1.] Where a judgment of *ouster* had been awarded against P, on a *quo warranto*, who claimed to hold the office of Clerk of the Court of Ordinary, under an election made in January, 1849, and *subsequent* to the judgment of *ouster*, P was again elected to the same office by the Justices of the Inferior Court, and exercised the duties of the office under the *new* appointment *exclusively: Held*, that P, in exercising the duties of the office exclusively under his *new* appointment, was not in contempt of the judgment of the Court, on the *quo warranto*, removing him from the office, under the *first* appointment—the new appointment not having been declared invalid by any appropriate judicial proceedings, instituted for that purpose.

Motion, in Henry Superior Court. Decided by Judge FLOYD, October Term, 1849.

For the facts, see the decision of the Court.

S. T. BAILEY, for plaintiff in error, cited—

1 *Cranch*, 137. 2 *Nott & McC.* 356. 1 *Chit. R.* 709. *Prince's Digest*, 214, 241, 245. 11 *Mass.* 125, 339. *Hotchkiss*, 75, 689, 690. 20 *Pick.* 484. 4 *Bur.* 1964, 2022. *Cole on Crime, &c.* 114, 163, 164. 1 *Dowl. & Ry.* 426. 3 *Bl. Com.* 262. 2 *Strange*, 819, 1196. 3 *Yeates*, 314. 5 *Ad. & El.* 584. *Watk. Dig.* 15, 415, 425, 475, 492.

DOYAL & NOLAN, for defendant in error, cited—

2 *Wheat. Selw.* 1187, '8, '9. 3 *Porter*, 356. 1 *Blackford*, 166. 2 *Cond. Rep. U. S.* 407. 7 *Wheat.* 38. 9 *John. R.* 396. 4 *Ib.* 317. 6 *Ib.* 337. 5 *Wheat.* 144. *Charlton's Rep.* 136, 315. 2 *Greenl.* 165. *Trial of Smith and Ogden*, 73. 1 *Burr's Trial*, 352. 1 *Breese*, 266. 2 *Virginia Cases*, 408. 1 *Kent*, 300, *note b.* 8 *Cowen*, 279. 7 *Cranch*, 32. 13 *Wend.* 662. *Coxe*, 287.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] From the record in this case it appears, that an information, in the nature of a *quo warranto*, was filed at the instance of

Pyron *vs.* Lowe.

John H. Lowe, against James Pyron, requiring the latter to show by what authority he claimed to exercise the duties of the office of Clerk of the Court of Ordinary of Henry County. John H. Lowe, in his petition for the *quo warranto*, alleges, that he was duly elected Clerk of the Court of Ordinary of said County, on the second Monday in January, 1847, and was re-elected to said office on the second Monday in January, 1849. On hearing the *quo warranto*, the Superior Court of Henry County gave judgment of *ouster* against Pyron, who claimed to hold the office by virtue of an appointment made on the second Monday in January, 1849. The judgment of *ouster* was rendered by the Superior Court of Henry County against Pyron, upon the ground that *he was not elected according to law.*

To this judgment of *ouster* on the *quo warranto*, there was no exception taken, as appears from the record.

The judgment of ouster against Pyron, was rendered at the April Term of Henry Superior Court, 1849. On the 17th day of September, thereafter, a rule *nisi* was granted, requiring Pyron to show cause, at the next October Term of that Court, why he should not be attached for contempt of the order and judgment of the Court, which declared his appointment void, and ousted him from his said office of Clerk of the Court of Ordinary. The contempt alleged in the rule *nisi* was, that he had continued to exercise the duties of the office, notwithslanding the judgment of ouster. To this rule *nisi*, Pyron, the respondent, showed for cause, that he did, in obedience to the order for his removal from office, thenceforward cease to exercise any of the duties, privileges or immunities of said office of Clerk of the Court of Ordinary, until the 20th day of April, 1849, and until his *subsequent* election to said office by the Justices of the Inferior Court of Henry County, and until his due and legal qualification under said last election.

The respondent annexes, as a part of his showing, an order of a majority of the Justices of the Inferior Court of Henry County, appointing him Clerk of the Court of Ordinary of that County, on the 20th day of April, 1849; said order reciting that, the office of the Clerk of the Court of Ordinary for Henry County had become *vacant.* The return of the respondent was verified by his affidavit, and does not appear to have been controverted. Upon the hearing the motion, the Court decided, that the respond-

ent was in direct contempt of the order of the Court, passed at the April Term, 1849, removing him from the said office of Clerk of the Court of Ordinary; and it was farther ordered by the Court, that Pyron, the respondent, turn over to the Clerk holding a commission dated 1847, to wit: John H. Lowe, said office of the Court of Ordinary, and all the books and papers appertaining thereto, and that the said Pyron pay the costs of this proceeding; and upon his failure to comply with this order, it was farther ordered, that an attachment absolute issue against him; whereupon Pyron, the respondent, excepted.

The only question made for our judgment upon this record is, whether Pyron, the respondent, was in *contempt* of the order or judgment of the Court, ousting him from his office, held under his *first* appointment, made on the second Monday in January, 1849. It does not appear that the judgment of the Superior Court of Henry County, upon the *quo warranto* ousting Pyron from office, decided any thing in relation to the *validity* of the election of John H. Lowe, in January, 1849; as to that question, the record is silent, and we infer, that the Court below did not consider that question as decided, from the fact that, in the last judgment holding Pyron to be in contempt, the books and papers appertaining to the office, are ordered to be turned over to John H. Lowe, the Clerk holding a commission dated in 1847.

The judgment of the Court, upon the hearing of the *quo warranto*, was, that Pyron be removed from office, upon the ground *he was not elected according to law.* The only election of Pyron to the office of Clerk of the Court of Ordinary of Henry County, embraced by this judgment, was the one had on the second Monday in January, 1849. The validity of no other election of Pyron was in issue before the Court on the hearing of the *quo warranto*.

The answer of the respondent to the rule *nisi* explicitly states, that in obedience to the order of the Court for his removal from office, he did thenceforward cease to exercise any of the duties, privileges or immunities of the said office, until the 20th day of April, 1849, and until his *subsequent* election to said office, by the Justices of the Court of Ordinary of said County of Henry; that pursuant to said *last* election and qualification, under the judgment and authority of said Justies of the Inferior Court, so appointing him Clerk as aforesaid, he has exercised the duties,

privileges and immunities of Clerk of the Court of Ordinary of said County, and *none other*. The respondent's answer is supported by the judgment of a majority of the Justices of the Inferior Court of Henry County, declaring the office *vacant*, and that an election be had for Clerk of the Court of Ordinary, which was held, and Pyron, the respondent, declared to have been duly elected, was qualified, and gave bond and security.

This answer of the respondent does not appear to have been *controverted*, and, in our judgment, he fully purged himself of any contempt of the order of the Court on the *quo warranto*. He never exercised the duties of the office of Clerk of the Court of Ordinary, under the appointment which the judgment of the Court, on the *quo warranto*, declared to have been illegal, subsequent to the rendition of that judgment, but under a *new* and *distinct* appointment from that which the Court, by its judgment, had vacated upon the hearing of the *quo warranto*.

The latter election was, *prima facie*, valid—the *facts* necessary to authorize an election by the Justices of the Inferior Court appearing on the face of the order made therefor.

By the Act of 1820, it is made the duty of the Justices of the Inferior Court, or a majority of them, when any *vacancy* happens in the office of Clerk of the Court of Ordinary, by death, resignation or otherwise, to proceed, without delay, to appoint some fit and proper person to fill such vacancy. *Hotchkiss,* 690. The order of the Inferior Court of Henry County, ordering the election on the 20th April, 1849, recites, that there is a *vacancy* in the office, and that the Court proceed, without delay, to fill such vacancy; whereupon, Pyron, the respondent, was declared duly elected.

It is in virtue of this *last* election, and under the authority thereof, and *none other*, that the respondent was exercising the duties of the office of Clerk of the Court of Ordinary of Henry County; according to the answer of respondent, consequently, he was not acting under the authority of, or by virtue of the appointment made in January, 1849, which the Court, by its judgment on the *quo warranto*, declared to have been illegal. The election of the 20th April, 1849, was not adjudicated by the Court, on the *quo warranto*—the validity of that election was not embraced in that judgment, therefore the exercise of the duties of the office of Clerk, under the *new* appointment, was no con-

tempt of the judgment of the Court, ousting the respondent from office, under the *first* appointment. Whether the election of Lowe, on the second Monday in January, 1849, was a valid election, or whether the election of Pyron, on the 20th April, 1849, was a valid election, we express no opinion. We leave those questions entirely open, to be determined whenever the proper proceedings shall be instituted to inquire into the validity thereof. What we now decide is, that according to the uncontroverted answer of the respondent to the rule *nisi,* calling upon him to show cause why he should not be attached for contempt of the judgment of the Court on the *quo warranto,* he was not in contempt of that judgment, by exercising the duties of the office under his *new* appointment, which has never been *judicially* declared to have been *invalid,* by any appropriate proceeding for that purpose.

Let the judgment of the Court below be reversed.