### EDGAR H. BASS *vs*. CITY OF SHAKOPEE.

#### October 8, 1880.

**Municipal Corporation not capable of Contempt.**—A municipal corporation
cannot be guilty of contempt in disobeying an injunction.   Such con-
tempt, if any, in disobeying a writ of injunction directed to such corpo-
ration, is the contempt of individual persons; as, for instance, officers of
the corporation.

**Injunction.**—The injunction in this case *held* to have been properly dis-
solved upon the facts appearing.

Appeal by plaintiff from an order of the district court for
Scott county.

The defendant having built a bridge across the Minnesota
river, and laid out a highway from the terminus of the bridge
across the northwest quarter and lot 2 of section 1, town 115,
range 23, within the corporate limits of defendant, commis-
sioners were duly appointed to appraise the damages for land
taken or injured by the proposed road.   The road crossing
land of plaintiff, the defendant served on him, on October 3,
1879, a notice that defendant had laid out a highway across
lot 2, and the southwest quarter of the northeast quarter of
section 1, town 115, range 23, and that the commissioners
would meet on the following day at 7 o'clock P. M. to assess
damages, etc.   On October 4th, the plaintiff, on a verified
complaint showing that defendant, without his consent, had
begun to build embankments and dig ditches on his land, and

to remove the earth and trees therefrom, and had taken no steps whatever to acquire any lawful right to take his premises for the purposes of a highway, obtained, by order of a court commissioner, a writ of injunction restraining defendant from entering on his said premises, etc. The writ was issued and served on the mayor of defendant, on October 6th. On October 8th an order was made staying proceedings on the part of the plaintiff, for twenty days, and suspending the operation of the injunction until the hearing and determination of a motion to dissolve it, to be made immediately and on due notice by the defendant. This motion coming on to be heard, the plaintiff, on affidavits showing that defendant had disobeyed the writ while it was in force, objected to defendant's motion being heard or granted, on the ground that defendant, by reason of such disobedience, was in contempt. The objection was overruled by *Macdonald, J.*, and on the pleadings and affidavits on behalf of plaintiff and defendant, it was ordered that the injunction be dissolved; from which order the plaintiff appealed.

*L. M. Brown,* for appellant.

*Henry Hinds* and *E. Southworth,* for respondent.

BERRY, J. This is an appeal from an order dissolving an injunction. In contemplation of a motion for dissolution an order was made staying the operation of the injunction for 20 days, the motion to be made immediately. The propriety of the latter order, though much discussed by plaintiff's counsel, is manifestly not brought before us by this appeal. As to the motion to dissolve the injunction, it was objected by plaintiff in the court below that the defendant was in contempt for disobeying the injunction, and therefore not entitled to make the motion. The court below was of opinion that the defendant, a municipal corporation, could not be guilty of a contempt in disobeying an injunction; that such contempt, if any, in disobeying a writ directed to the city must be the contempt of individual persons; as, for instance, of officers of the city. We think this is the correct view of the

matter, and supported by authority. *Davis* v. *Mayor, etc., of New York*, 1 Duer, 451, 484, 509-10; *London* v. *Lynn*, 1 H. Bl. 206. The objection was properly overruled. We may add that, upon the affidavits *pro* and *con* the objection, we see no reason why the court below might not properly have come to the conclusion that there was no contempt of the injunction on the part of any person.

This brings us to the merits of the motion to dissolve the injunction; and upon perusing the papers used upon the hearing, we are of opinion that the case was one in which the prosecution of an important public work was interfered with by the injunction; that the injury occasioned by the completion of such work would be of no great account even if the work were unlawful; that, if there were any doubt as to whether the city had acquired the right to prosecute the work, the expenditures already made in constructing the bridge would, undoubtedly, lead to the speedy acquisition of such right by proceedings to condemn or otherwise; and, finally, that upon the facts appearing it was at least a matter of great doubt whether the city had not fully acquired a right to prosecute the only work covered by the injunction upon which the city was engaged, or which it proposed to engage in, until it had acquired a clear right so to do, to wit, the work of constructing and completing the approach to the bridge upon the land claimed to be owned by Hinds, from whom the city had obtained a release. In these circumstances we think that, in the exercise of a proper discretion, the judge below was warranted in dissolving the injunction.

Order affirmed.

---

After the foregoing appeal was entered in this court, and before the first term at which it could be heard, the plaintiff, on February 27, 1880, moved for an order directing the defendant to stay all proceedings relating to or connected with the matters involved in the action and appeal until the final

determination of the appeal. The affidavit in support of the motion stated that on taking the appeal to this court, the plaintiff had filed in the district court the proper bond for staying all proceedings on the order appealed from, and that, nevertheless, the defendant, by its agents and servants, since the appeal was taken and the bond filed, had taken and was then threatening to take further proceedings to seize and appropriate plaintiff's land for the highway before mentioned, notwithstanding the appeal and bond. The motion was opposed by counter affidavits. After argument by the counsel above named, the following opinion was filed on March 1, 1880:

GILFILLAN, C. J. The matter set forth as grounds for an order to stay proceedings on the part of the defendant, pending the appeal in this cause, are not in any way involved in the action, nor included within the injunction. Whether the renewal of proceedings to condemn the land in question be regular or not, cannot be tried in this motion.

Motion denied.