53 581
62 438

## MARGARET FROMAN v. EDWARD FROMAN.

*Refusal to pay alimony.*

1. The decision of the trial court as to the amount of temporary alimony to be allowed in a divorce suit should be conclusive unless the discretion of the court in making the allowance has been abused.

2. Merely technical irregularities in the proceedings of the complainant in a divorce suit will not excuse non-compliance with an order to pay temporary alimony, or defeat its enforcement.

3. The objection that the jurat in the proof of service is defective is one that should be made in the trial court ; otherwise it will not be heard on appeal unless the defect has caused injustice.

4. *It seems* that the injunction prohibiting a defendant in divorce from mortgaging his property, does not restrain him from mortgaging real estate aside from his homestead for the purpose of raising money to pay alimony.

Appeal from the Superior Court of Detroit. (Chipman, J.) April 24.—April 30.

DIVORCE bill. Defendant appeals. Affirmed.

*Griffin & Warner* and *H. A. Chaney* for complainant.

*Henry Plass* for defendant appellant.

SHERWOOD, J. This is an appeal from an order of the Superior Court of the city of Detroit, in chancery, adjudging the defendant guilty of contempt, for having willfully

disobeyed the order of the court requiring him to pay alimony and expenses to the complainant. The usual order was made by the court on the 9th day of October, 1883, directing such payment to be made by the defendant. He failed to comply with the order on demand being duly made for the money. Upon proof of these facts the court made an order requiring the defendant to show cause why an attachment should not issue against him, and he be punished for the alleged contempt. To this order the defendant appeared on the 8th day of December, 1883, and for cause, stated (1) that no sufficient cause was shown for issuing the attachment, or the order to show cause; (2) that he did not refuse to pay the alimony and expenses as charged, and proposed to counsel for complainant to pay the amount called for, as well as all other expenses in the suit, out of moneys to be raised upon mortgage upon their real estate, not to exceed $1000; (3) that he cannot raise the money to meet all the expenses of the suit except by mortgage on the real estate, and this he is enjoined from doing, but can raise the money if permitted to make the mortgage, and should the complainant join with him in it; (4) that he has always been ready and willing to comply with the order, but he has not the money on hand to do it, and the proceeds of his business are insufficient for that purpose.

When the motion was made for alimony and expenses it was resisted by defendant, and an order was made by the judge of the Superior Court, referring the ability of the defendant to pay, to a circuit court commissioner, to take testimony upon that question, and who made a report thereafter to the court; and after a full investigation of the matter the court ordered the defendant to make payment of the moneys demanded, as directed in the order.

The defendant's response to the order complained of does not show any material change in the financial affairs and condition of defendant after the circuit court commissioner's report was filed.

From the bill of complaint it appears that the complainant was married to the defendant in May, 1870; that she has

four children by the marriage, (three girls and a son,) the oldest twelve and the youngest four years of age, and that they all live with her; and that he neglects to provide for her or for the children; and that his cruelty towards her and the children is such that she cannot reside with him in their home, but has been obliged to go to her father's for home and support. She further avers in her bill, and the evidence taken tends to show, that she has no property of her own, and that defendant has two houses and lots in the city of Detroit, (one their homestead, and the other he rents,) worth $2000 each; that he has thirty-six lots in the village of Fenton worth $1000, and $4000 in money; that the defendant is a drover—a dealer in cattle—and that he is well and healthy, and his services are worth $50 per week and over; that he has also a paid-up policy of insurance upon his life, of $2000, and debts due him to the amount of $1000 or over.

The complainant made her petition for alimony and expenses pendente lite, based upon her bill of complaint, to which defendant made answer, saying, substantially, complainant had left her home; that she had had control of his finances, and had several hundred dollars in her possession of his money; that she had carried on a millinery business; denied he had on hand over $250 cash when the bill was filed; that but little could be realized from the debts due him; admitted he owned the real estate and life-insurance policy; that he used the homestead; that the rent of the other property was $125 per year; that his income was about $1200 per year.

On the return made by the commissioner the order for payment of the amounts complained of was made. These amounts appear to be reasonable and quite proper under the circumstances of the case. The amount awarded was twelve dollars per week for the wife and children, and such sum as might be necessary for the other expenses in the progress of the cause on the part of complainant.

Of course, in this class of cases, very much is left to the careful examination and reasonable discretion of the court

granting the order; and his familiarity with the case and superior means and opportunity of knowing the disposition, motives and character of the parties, and the credibility of their affiants and witnesses, should make his decision conclusive, unless a gross abuse of discretion is clearly made to appear. The order of the court in such cases should be promptly complied with; and when the court makes an order to show cause why such compliance has not been made, and insufficient cause is shown, and the court finds, as in this case, a willful disobedience of the order on the part of defendant, technical irregularities in complainant's proceedings will not be held a sufficient excuse for such non-compliance, or allowed to defeat the enforcement of the order.

It is claimed by the defendant in this case that he is unable to raise the money necessary, without mortgaging the property for that purpose, and that he is prevented from so doing by the injunction in the case; but we think the neglect arises more from indisposition to comply with the order than inability, and there is nothing in the suggestion in regard to the injunction. It does not, when properly construed, prevent him from mortgaging his property, other than the homestead, for the purpose of raising the money to meet the requirements of the order of the court. There has been no effort shown to obtain the signature of the wife to such a mortgage; neither does there appear any necessity for her signing such a mortgage.

Objection is made that the jurat to the affidavit showing service upon the defendant of the papers upon which the order to show cause was made, is defective. It is enough to say upon this point, the answer of the defendant to the order is very general, and upon several material matters ambiguous and evasive. This particular ground of objection now made in this Court does not appear to have been called to the attention of the court below,—is technical, at least; and no injustice has been caused by the omission complained of, and under such circumstances will not be allowed to prevail here.

This class of cases is becoming quite frequent, and many times the delay and hardship caused thereby are very great,

and they seldom serve any good purpose. It is only where the action of the circuit or Superior Court is clearly shown to have been erroneous, or inadvertence or gross abuse of discretion has occurred, that this Court will feel at liberty to interfere with the orders made in this class of cases in those courts.

None of these things are apparent upon this record, and the action of the judge of the Superior Court in the premises is affirmed, with costs to complainant.

CAMPBELL and CHAMPLIN, JJ. concurred.

COOLEY, C. J. I think the right of the respondent to mortgage his property to raise the amount he was directed to pay should have been distinctly recognized by the court before ordering payment. And I do not assent to all that is said in the foregoing opinion, either upon the merits or as to review of such orders.