WILLIAM C. BENBOW *vs.* H. S. KELLOM *et al.*

Submitted on briefs Jan. 4, 1893. Decided Feb. 24, 1893.

**Proceedings Supplementary to Execution.**

Evidence *held* to justify the conclusion that an order of the court made orally, in proceedings supplementary to execution, restraining a person named as a witness from disposing of certain personal property, did not subject him to liability for having disposed of the property, the evidence being indefinite as to the time when the order was made, and in other particulars.

Appeal by plaintiff, William C. Benbow, from an order of the District Court of Cottonwood County, *P. E. Brown*, J., made August 30, 1892, denying his motion for a new trial.

On November 5, 1889, W. S. Conrad recovered a judgment in the District Court of Hennepin County against J. C. Hunt for $325.03. Execution was issued thereon, and returned unsatisfied.

On July 21, 1890, Hunt owned a certificate of deposit in Cottonwood County Bank for $500, and a gold watch worth $25. On that day he transferred this property to his brother-in-law, the defendant

H. S. Kellom; and in consideration thereof Kellom entered into a written contract with Hunt to support him during the balance of his life.   On August 14, 1890, Conrad commenced proceedings supplemental to execution in Cottonwood county where Hunt then resided. He obtained of *Perkins, J.,* an order by which Hunt was required to appear before him that day at three o'clock in the afternoon and answer concerning his property, and by which he was enjoined from transferring any of his nonexempt property until the further order of the court.   Hunt appeared and was examined, and disclosed the facts above stated.   Kellom was in court, and was orally ordered by the court to make no sale, transfer or other disposition of the certificate or watch, until the further order of the court, but was not otherwise a party to the proceedings.   On the next day an order in writing to the same effect was made by the court, and in the evening of August 18, 1890, it was served upon Kellom personally.   At some time that day, but before this service, Kellom redelivered the certificate and watch to Hunt, and the contract for his support was canceled.   Benbow was on August 16, 1890, by another order in the proceedings, appointed receiver of the property of Hunt, but this order did not enjoin Kellom or Hunt in any way.   Benbow afterwards demanded of Kellom the certificate and watch, and being refused, he, by leave of the court, commenced this action against Kellom and Hunt to obtain of Kellom the property or its proceeds, and have the same applied in payment of his judgment, and for such other relief as to the court should seem just.   The issues were tried in June, 1891.   Findings were on May 10, 1892, made and filed, stating these facts, and finding the sale of the certificate and watch to Kellom was fraudulent and void as against Hunt's creditors, but that the property was redelivered to Hunt before the restraining order of August 15, 1890, was served on Kellom, and that he was not liable to the plaintiff for its value; and ordering judgment that plaintiff take nothing by the action.   Plaintiff moved for a new trial. The court denied it, saying:

"If the judge making the oral order had jurisdiction of Kellom, so as to enable him to make it, the evidence concerning it is so indefinite that no finding can be based thereon.   Under the rule in *People ex*

*rel.* v. *Randall,* 73 N. Y. 416, it is of no avail; for no restraining order was incorporated in the order appointing a receiver which was the final order in the proceeding. An oral order in such a proceeding seems to me bad, as it cannot be the basis of a proceeding for contempt. To make a restraining order of any value, the person restrained should be made a party to the proceedings, as provided by statute. (1878 G. S. ch. 66, § 247.)"

*Rea & Hubachek,* for appellant.

The appointment of a receiver vests the title to the personal property of the judgment debtor at once in the receiver, who may call the fraudulent grantee to account. *Porter* v. *Williams,* 9 N. Y. 142; *People ex rel.* v. *Mead,* 29 How. Pr. 360; *Moak* v. *Coats,* 33 Barb. 498; *Wing* v. *Disse,* 15 Hun, 190.

It was decided in *Menage* v. *Lustfield,* 30 Minn. 487, that a judge had jurisdiction to require a third person, though not a party to the action, to appear and answer under 1878 G. S. ch. 66, § 347. *Corning* v. *Tooker,* 5 How. Pr. 16.

It may be claimed that such third person must be brought in under this § 347, and not by subpœna under § 340. This is a distinction without a difference. What difference can it make whether such third person is in court one way or another, so that he is there? *In re Perry,* 30 Wis. 268; *Lynch* v. *Johnson,* 48 N. Y. 27; *Seeley* v. *Garrison,* 10 Abb. Pr. 460. A fraudulent grantee of property holds the same in trust for the creditors of his grantor, and like any other trustee, must hold it intact for their benefit. If he lessens its value by mortgaging it to a *bona fide* mortgagee, he is liable to such creditors in damages to the amount of such incumbrance. *Mason* v. *Pierron,* 69 Wis. 585; *Murtha* v. *Curley,* 90 N. Y. 372; *Chamberlain* v. *O'Brien,* 46 Minn. 80; *Chautaugue Co. Bank* v. *Risley,* 19 N. Y. 370; *Clements* v. *Moore,* 6 Wall. 299.

*J. G. Redding* and *Lorin Cray,* for respondent.

No proceedings can be had against the debtor of the judgment debtor until he is first made a party under 1878 G. S. ch. 66, § 347; *Woodman* v. *Goodenough,* 18 Abb. Pr. 265; *King* v. *Tuska,* 1 Duer,

635; *Coates Bros.* v. *Wilkes,* 94 N. C. 174; *Kennedy* v. *Weed,* 10 Abb.. Pr.. 62; *Edmonston* v. *McLoud,* 19 Barb. 356.

This order restraining Kellom was superseded and lapsed by the order appointing a receiver made the day after. The first order was not intended. to be, and could not be permanent. It was in terms to . continue only until the further order of the court, and such further order was made the next day when the receiver was appointed. That was the final order and the consummation of the supplementary proceedings and any restraint thereafter desired should have been inserted in. that order. As well might a preliminary injunction in an action survive final judgment without the further order of the court. *People ex rel.* v. *Randall,* 73 N. Y. 416.

DICKINSON, J. Appeal by the plaintiff from an order refusing a new trial. One Conrad recovered a judgment against J. C. Hunt, one of the defendants. Thereafter Hunt entered into a contract with the defendant Kellom, by the terms of which the former, being then insolvent, transferred to the latter a certain certificate of deposit, and a gold watch, in consideration of the agreement of the latter to support the former during his (Hunt's) life. This agreement was made for the purpose of defrauding Hunt's creditors. Proceedings supplementary to execution were afterwards instituted, and Hunt was required to appear before the judge of the district court for examination concerning his property. In the course of such supplementary proceedings the court made an order restraining Kellom from disposing of the certificate and watch, which order was directed to be served on him. It was so served on the 18th of August, but before that, and on the same day, Kellom had redelivered the property to Hunt, and the contract between them was rescinded. The plaintiff, Benbow, was afterwards appointed receiver of the property of Hunt, and, having demanded from Kellom a delivery of the property, he prosecutes this action against both Kellom and Hunt, seeking an adjudication that the transfer to Kellom was fraudulent and void; that the property be applied to the satisfaction of the judgment; and that the defendants account to the plaintiff for the property. . Kellom was not, so far as appears, made a

party to the supplementary proceedings. The court found that the contract was fraudulent and void, but that Kellom was absolved from liability by his returning the property to Hunt before the service of the restraining order. The questions presented on this appeal relate to the liability of Kellom, the plaintiff insisting that he should have been held to responsibility in this action.

The findings of the court are certainly in accordance with the evidence; and if Kellom returned the property to Hunt, surrendering all claim thereto, prior to the time when, by order of the court, he became effectually restrained from thus doing, there is no legal liability on his part. He was responsible to the plaintiff, if at all, only in respect to the property of the judgment debtor held by him. Although the transfer of the property to him was voidable at the instance of the creditors of Hunt, it was valid as between the parties. The mere transfer of the property to Kellom did not make him personally responsible for the debts of Hunt; and, unless he was restrained by some order of the court, he was legally justifiable in returning the property to the judgment debtor. He is not answerable to the plaintiff, because he did not retain it.

The plaintiff, however, claims that, *before* the property was retransferred by Kellom to Hunt, the former was orally enjoined by the court from making any disposition of it. This is the only point in the case concerning which there can be any reasonable doubt.

But it was considered by the trial court that the evidence did not establish the fact thus relied on, and this conclusion should be sustained. The evidence presented in proof of the fact just referred to consisted only (as is apparent from the restrictive terms of the order) of a writing, signed by the judge, in terms referring to "the witness H. S. Kellom" as being in the presence and hearing of the court, and reciting that "it was ordered by the court that he, the said H. S. Kellom, make no sale, transfer, or other disposition of the certificate of deposit or watch referred to by him in his evidence," etc. Even if we are to infer that this order was made in connection with the supplementary proceedings before referred to, and that the certificate of deposit, and the watch therein named, are the same property which is the subject of this action, and even if the recital in that writing, of the

presence of Kellom at the time it was made, constituted evidence that he was present, so as to be bound by the order, still the evidence is deficient, for it does not appear when this order was made. Too much was left to mere inference or conjecture. It may be well doubted whether that order was made under circumstances making it obligatory on Kellom, from the fact that, under the date of August 15th, the same judge made a formal order to the same effect as that just referred to, which he directed to be personally served on Kellom, but which was not served until after the latter had redelivered the property to Hunt, as before stated.

Order affirmed.

(Opinion published 54 N. W. Rep. 482.)

