## LAKE *v.* HOUGHTON CIRCUIT JUDGE.

1. MANDAMUS—ISSUES—RETURN.
    Unless an issue of fact is joined, the respondent's return to writ of mandamus must be taken as true.

2. SAME—FUNCTION OF WRIT—CONTEMPT.
    The court will entertain mandamus proceedings on the relation of a defendant in a cause for divorce who has been imprisoned for failure to pay alimony, but the writ will not be issued to set aside the action of the lower court on account of irregularities that have been waived in the lower court, or for defects that are not jurisdictional or do not affect the very right of the case.

3. CONTEMPT—ANSWER—WAIVER.

Objections to formal defects in contempt proceedings, not raised by the answer in the court below, will be treated as waived.

4. SAME—DIVORCE—ALIMONY.

An order requiring defendant in a bill for divorce to pay temporary alimony amounting to $20 a month, and "necessary court expenses and witness fees as they shall accrue," is sufficiently definite to be valid.

5. SAME.

Where a petition was filed setting forth facts that put the defendant in contempt of court, and no answer was filed at the hearing, at which the court determined that defendant, the relator herein, was guilty, allowing his solicitors, upon special request, to file an answer to the petition before a stated time next day, relator was then in default, and, his answer failing to show any sufficient excuse, the order adjudging him guilty of contempt was properly entered and was not extrajudicial.

Mandamus by John Lake against Patrick H. O'Brien, Houghton circuit judge, to compel respondent to vacate an order adjudging relator guilty of contempt of court, and to release him from custody. Submitted October 1, 1912. ( Calendar No. 25,213.) Writ denied November 8, 1912.

*Burritt & Burritt,* for relator.

*Galbraith & McCormack,* for respondent.

OSTRANDER, J. Relator's wife filed a bill for divorce, and an injunction was issued restraining relator from disposing of his property, which consisted, in part, of $260 in bank. Relator was employed and earning $55 per month. The bill was filed in December, 1911, and in January, 1912, the wife of relator (complainant in the divorce suit) petitioned the court for alimony and for an allowance for the expenses of her suit. The petition was brought on for hearing on February 15, 1912, when the court made and entered the following order:

"That the defendant, John Lake, *alias* Jarvi, pay

forthwith to Messrs. Galbraith & McCormack, solicitors for the complainant, the sum of twenty-five ($25) dollars as a reasonable retainer fee, and that he pay to the complainant or to her solicitors the further sum of twenty ($20) dollars per month on or before the 20th day of each and every month commencing on the 20th day of February, A. D. 1912, for the support and maintenance of the said complainant and her minor child, during the pendency of this suit, and it is further ordered that he pay to Messrs. Galbraith & McCormack all necessary court expenses and witness fees as they shall accrue and on demand."

The injunction was so modified as to release the money in bank, and thereafter relator paid to complainant's solicitors $20 in compliance with the order for alimony. He also paid his own solicitors $150, a doctor's bill of $25, other debts to the amount of $50, purchased for himself clothing valued at $15, and sent to Finland $35 to persons who are there caring for his, or one of his, children. A demand in writing and a certified copy of the order granting alimony were served on relator March 27, 1912, but no other demand was made for payment. The demand was itemized as follows:

CALUMET, MICHIGAN, March 27, 1912.

JOHN LAKE, *alias* John Jarvi,

   To Galbraith & McCormack, Solicitors, Dr.

| | |
|---|---|
| To retainer fee by order of court | $25 00 |
| To filing fee, N. F. Kaiser | 3 00 |
| To James Byers, serving writ of injunction on Superior National Bank | 1 00 |
| To serving writ of injunction and subpœna on John Lake, *alias* John Jarvi | 1 75 |
| To serving writ of injunction on Copper Country Building & Loan Ass'n | 1 75 |
| To serving petition for temporary alimony and notice of hearing on same | 1 75 |
| To two certified copies order for alimony, *pendente lite*, N. F. Kaiser | 3 00 |
| To Ellen Lake, complainant, alimony to March 20, '12 | 20 00 |
| | $57 25 |

Relator did not pay, and was served on April 16, 1912, with a certified copy of an order to show cause why an attachment should not issue and he be punished for contempt

of court.   Copies of the affidavits upon which the order was based were not served.   Relator appeared in person and by solicitor on the return day of said order.

The foregoing statement of facts is from the relator's petition for mandamus, and no part of it is in dispute. What occurred on April 23, 1912, and thereafter, is not much, but is somewhat, in dispute.

No issue of fact having been made, the respondent's answer must be accepted for the facts.  No. written answer to the order to show cause had been filed when the parties appeared in court on April 23, 1912, and none was filed that day.   Relator's solicitor stated that he had known nothing about the pendency of the proceeding until 11 o'clock of that day; that relator could not speak English.   There was no interpreter present.   He asked permission to get an interpreter and to have relator sworn and give his testimony concerning his reasons for not complying with the order for alimony.   The court declined to permit such proceeding, and announced that an order might be prepared convicting relator of contempt of court.   Thereafter, and after respondent had left the bench, he stated to relator's solicitor, in response to his request, that he might have until 9 o'clock the next morning to file an answer, and, if respondent desired to hear argument, he would notify counsel.   The answer was filed, and no further proceedings were had until respondent, at his office, signed the order adjudging relator to be guilty of contempt.   Court was not in session from April 23, 1912, until May 4, 1912. The order adjudging relator guilty was signed April 26, 1912.   A warrant was issued April 26, 1912, and the relator was taken into custody by the sheriff April 30, 1912, and committed to the county jail, where he was when the petition for mandamus was filed in this court.   Relator moved to set aside the contempt proceedings, and the motion was denied.   Later relator was admitted to bail upon his own recognizance pending the proceedings in this court.

We set out here relator's answer in the contempt proceeding:

"(1) Defendant, answering, says that at the time the order was made for the payment of temporary alimony, namely, $25 solicitor's fee and $20 a month during the pendency of this suit, and other costs which might accrue, this defendant had in the Superior National Bank of Hancock the sum of $260; that said money was tied up by injunction which was modified on or about the 15th day of February, 1912, the date of said order; that defendant drew said money from the bank, paid his solicitors, Burritt & Burritt, a solicitor's fee of $150, paid a doctor bill of $25, paid the complainant the sum of $20, purchased some clothing for himself which cost him $15, and used the balance of said amount—$50—in payment of debts then due.

"(2) Defendant, further answering, says that he is in the employ of the Quincy Mining Company, and earns $55 a month; that he is keeping house and employs a servant girl to do his work; that he has used all of his wages in the payment of expenses; that he has sent $35 to Finland to the people who are bringing up his child.

"(3) Defendant further says that he has some building and loan stock which is tied up by injunction of this court, and a quantity of household furniture which is also tied up by injunction; that he has $2.05 in money; that the only other personal property he has not tied up by injunction is a watch of the value of $10, which he hereby tenders into court.

"(4) Defendant further says that he is now under the treatment of a physician."

It is contended in this court that the contempt proceedings are irregular and void. The first objection made is that the order for alimony is uncertain in part and being in the nature of an interlocutory decree and judgment, upon the nonperformance of which further proceedings may be grounded, certainty in the thing to be done or performed is essential. It is objected, further, that no oral demand was made upon the relator for payment of the money, and that the order to show cause was not served with copies of the affidavits upon which it was based. A third objection is that permission to file an answer amounted to a continuance of the proceeding, and that no

judicial determination or pronouncement of relator's guilt
appears.   Finally, it is urged that the answer furnishes
adequate reasons for failure to perform the order for pay-
ment of alimony.   Substantially the same objections were
urged upon the motion to set aside the order adjudging
relator guilty.

We are disposed, over the objection of respondent, to
entertain this proceeding; it appearing when the writ was
applied for that relator was imprisoned.   *Dillon* v. *Shia-
wassee Circuit Judge,* 131 Mich. 574 (91 N. W. 1029).
But the writ of mandamus will not be issued to set aside
the action of the lower court on account of irregularities
in the proceedings which were waived in that court, or for
defects which are not jurisdictional, or which do not other-
wise affect the very right of relator.

It will be noticed that in his answer to the order to show
cause why he should not be adjudged guilty of contempt,
relator does not question the form of the order for alimony,
the form of the demand which was made upon him, or
the validity of any of the items for payment of which the
demand was made.   Consequently, in this proceeding,
such objections will be treated as having been waived, and
nothing need be said about them beyond this, that we do
not regard an order for the payment of "necessary court
expenses and witness fees as they shall accrue" as so in-
definite as to affect the validity of the order.   It was said
in *Froman* v. *Froman,* 53 Mich. 581 (19 N. W. 193),
which was an appeal from an order adjudging defendant
guilty of contempt:

"The order of the court in such cases should be prompt-
ly complied with; and when the court makes an order to
show cause why such compliance has not been made, and
insufficient cause is shown, and the court finds, as in this
case, a wilful disobedience of the order on the part of de-
fendant, technical irregularities in complainant's proceed-
ings will not be held a sufficient excuse for such noncom-
pliance, or allowed to defeat the enforcement of the order."

Was the determination of relator's guilt extrajudicial?

It is undisputed that the court, in effect, pronounced judgment at the hearing, directing complainant's solicitor to prepare the proper order. Relator was then in default for want of an answer. No cause was shown when the answer was filed; all of its statements being regarded as true. Treating the case, as we do, as if the answer had been seasonably filed, the order which was made was warranted and, indeed, was required. Relator was in contempt. The power of the court to punish him therefor is undoubted. 1 Comp. Laws, § 312; 3 Comp. Laws, §§ 10891, 10893, 10894.

No substantial right of relator has been invaded, for which reason the writ of mandamus is refused, with costs.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and BIRD, JJ., concurred.