THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF
NEW YORK, Respondents, *v.* THE NEW YORK AND STATEN
ISLAND FERRY COMPANY, et al., Appellants.

THE PEOPLE EX REL. THE MAYOR, ALDERMEN AND COMMON-
ALTY OF THE CITY OF NEW YORK, Respondents, *v.* WILLIAM
H. PENDLETON, Appellant.

It is not an excuse for the violation of an injunction that the order is more
extensive in its restraints than the prayer of the complaint; the order, if
irregular, is not void, and while it is in force it is the duty of the defend-
ant to obey it.
Corporations may be restrained by injunction, and may be fined for violat-
ing the injunction.

Where, upon motion to punish a party for contempt in violating an injunction there is legal evidence sufficient to call for the exercise of the judgment and discretion of the court, its decision is not reviewable here.

A party, bound to obey an injunction, may be guilty of a violation thereof as well by aiding, abetting and countenancing others in violating it as by doing it directly; such orders must be honestly and fairly obeyed.

Where proceedings to punish a party for contempt, in violating an injunction, are commenced by an order to show cause, interrogatories need not be filed prior to a final adjudication upon the alleged contempt.

(Argued January 18, 1876; decided January 25, 1876.)

THESE were appeals from orders of the General Term of the Superior Court of the city of New York, affirming orders adjudging defendants in contempt.

This action was brought to restrain defendant, The New York and Staten Island Ferry Company, from running a ferry without a license, and also to restrain it from using certain wharf property belonging to plaintiff and leased by it to defendant, The North Shore Staten Island Ferry Company; a preliminary injunction was granted. The papers in the action, with notice of motions for temporary injunction, were served on William H. Pendleton, who was president of both corporations, defendants. Upon service of these papers, the ferry boat " D. R. Martin " began running from another pier during the day, but using the wharf property at night, and there. taking on coal, etc., for running the next day. Upon the motion an order was granted, June 16, 1875, continuing the injunction and enjoining the running of the ferry. On the next day, Pendleton, as president, and in the name and by authority of The New York and Staten Island Ferry Company, executed a bill of sale of the ferry boat to himself, individually, the consideration expressed being one dollar, and continued running the boat the same as before, until June nineteenth, when Pendleton executed a bill of sale, for the expressed considera- · tion of one dollar, to one Birdseye.

Upon affidavits proving these facts, and stating circumstances tending to show that the transfers were merely colorable for the purpose of evading the injunctions, orders were obtained requiring defendants and Pendleton to show cause why they should not be punished for contempt in violating

said injunctions. Defendant The New York and Staten Island Ferry Company was fined for violating both injunction orders. The North Shore and Staten Island Ferry Company was fined for violating the first order; and Pendleton was fined for violating both orders, and ordered to be imprisoned.

Upon appeal to this court, it was urged that the injunction orders were invalid, they being more extensive in their restraints than the prayer of the complaint.

*Held*, that the orders, even if irregular in this respect, were not void (*Richards* v. *West*, 2 Green Ch., 456; *People* v. *Sturtevant*, 9 N. Y., 263); and that the point could not be considered upon appeal, as while the orders were in force, defendants and their officers were bound to obey them.

Also, *held*, that the defendant corporations could be restrained and fined for violating the injunctions. (*People* v. *A. and B. R. R. Co.*, 12 Abb., 171.) That the proof tending to show a willful violation of the injunctions by defendants and Pendleton was sufficient to call for the exercise of the judgment and discretion of the court below, and that this court could not interfere with the decision thereon. The court stating the rule to be that injunction orders must be fairly and honestly obeyed, and not defeated by subterfuges and tricks on the part of those bound to obey them; that they might be violated by aiding, countenancing and abetting others in violation thereof as well as doing it directly; and that courts would not look with indulgence upon schemes, however skillfully devised, designed to thwart its orders.

Also, *held*, that where an order to show cause is obtained, it is not necessary to file interrogatories before a final adjudication as to the alleged contempts.

*Amasa J. Parker* for the appellants.

*Lyman Tremain* for the respondents.

Earl, J., reads for affirmance.
All concur.
Orders affirmed.