CONTINENTAL MORTGAGE GUARANTEE COMPANY, Plaintiff, *v.* WHITECOURT CONSTRUCTION CORPORATION and Others, Defendants.

Supreme Court, Special Term, New York County, June 2, 1937.

*Joseph Cohn*, for the receiver.

*Norman Roth*, for Herman Polstein.

McLAUGHLIN (CHARLES B.), J.   On the settlement of the order herein the question arises as to the proper mode of punishing a corporation and the right to arrest an officer of a corporation for the failure of the corporation to pay a fine pursuant to the terms of an order punishing the corporation for contempt.   The contempt on the part of the corporation in this case arose as follows: A receiver of certain premises demanded of the corporation the sum of $120, which was allegedly in the possession of the corporation.   The corporation refused to comply with the demand and the receiver accordingly brought on a motion to direct the corporation to pay. The corporation appeared by attorney and opposed the motion. An order directing payment by the corporation was duly served, but was ignored by the corporation.

The power of the courts to punish for contempt was recognized at common law.   (*People ex rel. Munsell* v. *Court of Oyer & Terminer*, 101 N. Y. 245, 249.)   It existed then, as it does now, independently of statute, being a necessary instrumentality to the maintenance of jurisdiction. (*Fiedler* v. *Bambrick Bros. Constr. Co.*, 162 Mo. App. 528; 142 S. W. 1111.)   The power of the courts to punish an individual for contempt has never been seriously questioned.   As to corporations, however, it was thought, at one time, that they possessed an immunity to punishment for contempt

due to their impersonal character, and also to the fact that they could not be attached in the sense of being personally taken into custody. (*Smith* v. *Butler*, 90 Eng. Rep. 507; Comb. 326, 327.) This objection led some courts to reason that a corporation could not be punished for contempt at all. (*Simmons* v. *Georgia Iron & Coal Co.*, 117 Ga. 305; 43 S. E. 780, 786; *Davis* v. *Mayor*, 1 Duer, 451, 484.) But this did not become the prevailing view, and it is now generally conceded that the corporate cloak affords no protection to contempt proceedings. (*People* v. *Albany & Vermont R. R. Co.*, 12 Abb. Pr. 171; *Mayor* v. *New York & S. I. Ferry Co.*, 64 N. Y. 622; *Rochester, H. & L. Railroad Co.* v. *New York, Lake Erie & W. R. R. Co.*, 48 Hun, 190; *Manhattan Elec. Light Co.* v. *Harlem Lighting Co.*, 18 N. Y. Supp. 371; *Simon* v. *Aldine Pub. Co.*, 12 N. Y. Civ. Proc. 290; *Geller* v. *Flamount Realty Corp.*, 260 N. Y. 346.) One reason for the adoption of this view is that although a corporation may not be physically attached or subjected to personal restraint, there yet remain other methods of legal coercion or punishment which may be directed against it. One such method is the imposition of a fine. (Judiciary Law, § 773; *Schreiber* v. *Garden*, 152 App. Div. 817, 819; *Mayor* v. *New York & Staten Island Ferry Co.*, 64 N. Y. 622.) It would be an anomaly in the law if we were to hold that while the courts had the power to punish the officers and agents of a corporation, they did not have the power to punish the principal itself. (*People* v. *Albany & Vermont R. R. Co., supra.*)

While there is authority for holding in contempt an officer of a corporation who participated in a defiance of a court mandate, we know of none and have been referred to none upholding the power of a court to punish for contempt an officer or former officer of a corporation who was not a party to the contumacious conduct. There is, however, an adjudication directly in point upon the proposition that such a person may not be held in contempt. (*Ross* v. *Thousand Island Park Assn.*, 203 App. Div. 499, 501.) In the instant case no officer of the corporation is shown to have had any part in the commission of the contempt. It would, therefore, be improper to direct that upon the corporation's failure to pay the fine imposed, its officer or officers, having no part in the contempt, may be arrested.

The court cannot sign either order presented because the proper method of collecting the fine imposed on the corporation is by execution issued by the court. " The proper method of collecting a fine imposed upon a corporation is by a levy of an execution issued by the court." (Fletcher, Cyclopedia of Corporations, vol. 10, § 5078, p. 1005; *Telegram Newspaper Co.* v. *Commonwealth*, 172 Mass. 294;

52 N. E. 445.) If the execution is not enforced by collection, then sequestration is the proper remedy. " If the proceedings at law to enforce the payment of the fine have been exhausted, a writ of sequestration is the proper remedy in equity to enforce the penalty for disobeying an order of court." (Fletcher, Cyclopedia of Corporations, vol. 10, § 5078, p. 1006; *People* v. *Albany & Vermont Railroad Company*, 20 How. Pr. 358.)

Settle order fining the corporate defendant and providing for the issuance of execution by the court.