Abraham N. Geller, J.
Upon the settlement of the order herein granting upon default a motion to punish a corporation for contempt of court for willful disobedience of a subpoena duces tecum served upon it as a witness to be examined in an enforcement proceeding (supplementary proceedings), the court, having reviewed all the pertinent papers and affidavits of service, rejects the proposed order providing for commitment in the event of failure to purge the contempt.
The original subpoena was addressed to the corporation. The affidavit of service thereof states that it was served upon a named person on its behalf. The affidavit submitted to obtain the order to show cause .following the default in appearance states that the subpoena was served upon the corporation by serving such named person as one of its officers, and the order to show cause asks that the corporation be punished for contempt on the ground of failure to comply with the subpoena served upon *781 such named officer. The order to show cause was, however, not served upon that officer but upon “ Jane Doe ” as “ managing agent.” The proposed order provides for commitment of the person served initially but not served with the order to show cause.
Since imprisonment in the event of continued failure to purge the contempt is being requested, it is important that all requirements of law and due process be strictly complied with. A commitment order, generally provided with a purge clause for continuing defaults in enforcement proceedings, should not be issued unless the particular person against whom it is directed ■— and if it involves a corporation, a particular named officer or managing agent — is the one who was served with the initial subpoena alleged to have been disobeyed, and is the one who was subsequently named in and served with the order to show cause and defaulted thereon.
An officer of a corporation who participates in the disobedience of a court mandate is punishable for contempt provided he has been made a party to the contumacious conduct and due notice has been given to him (Matter of State Labor Relations Bd. v. Kleen-Rite Process Corp., 258 App. Div. 59; see, also, Matter of New York State Labor Relations Bd. v. Wheeler, 177 Misc. 945, 951-954). With reference to enforcement proceedings, he must, in the first instance, be the person served with the subpoena requiring appearance or production of documents (see Matter of Spector v. Allen, 281 N. Y. 251). If his commitment is sought as the punishment for continuing defaults, then he must be the person named in and served with the order to show cause why he, on behalf of the corporation, should not be punished for contempt.
A corporation may, however, be fined as a punishment for contempt (Judiciary Law, § 773). If proper service has been effected upon the corporation and it defaults in connection with the initial subpoena and order to show cause, the court may impose a fine to be collected by execution issued by the court in the event of a failure to purge the default (Continental Mtge. Guar. Co. v. Whitecourt Constr. Corp., 164 Misc. 56). Thus, where different officers of the corporation are served on its behalf with subpoena and order to show cause, the remedy for contempt would be limited to the imposition of a fine and its collection by execution issued by the court, in the event of failure to purge the contempt by appearance upon the date provided in that order.