Lawrence H. Cooke, J.
In this action for the replevin of certain stock certificates and dividend checks and in which defendant has interposed a separate defense based on ownership of same in the “ Estate of Virginia Bulman ” and a counterclaim asking that said estate be adjudged the owner thereof, plaintiff moves to strike said defense, to dismiss the counterclaim and to strike the answer and counterclaim as sham and frivolous.
*321 With the omission of the provisions of former section 1093 bf the Civil Practice Act from the CPLE, the plea of property-in a third person is not significant and the issue in replevin will t)e determined by the relative possessory interests of the parties to the action (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7101.06; 12 Carmody-Wait 2d, New York Practice, § 82:139). To be a real party in interest, a plaintiff must have some title, legal or equitable, to the claim (Spencer v. Standard Chemicals Metals Corp., 237 N. Y. 479, 480-481), the test being whether or hot a plaintiff has such title in the cause of action so that a recovery or satisfaction by it will protect the defendant from the claims of third parties (General Investment Co. v. Interborough R. T. Co., 200 App. Div. 794, 802, affd. 235 N. Y. 133; St. James Co. v. Security Trust & Life Ins. Co., 82 App. Div. 242, 246, affd. 178 N. Y. 560; American Exch. Nat. Bank v. York-ville Bank, 122 Misc. 616, 627, affd. 210 App. Div. 885).
If defendant is concerned about the rights of the alleged true owner, he may employ the modern procedural device of interpleader to protect said owner or notify said owner and the latter may intervene (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7101.06). Here, defendant contends there has been pending for sometime a proceeding for the probate of the last will and testament of Virginia Bulman but it is not necessary to determine which party, if any, is responsible for the alleged delay. During the contest of a will or an application for a grant bf letters of administration, where delay will necessarily occur, preliminary letters testamentary and temporary letters of administration may be issued to preserve the estate pending the determination of the main proceeding (25 Carmody-Wait 2d, New York Practice, § 150:1).
Motion granted to the extent of dismissing the separate defense and counterclaim and, except as so granted, denied.