J. Robert Lynch, J.
The defendant moves for summary judgment. The facts are undisputed.
*207 In 1045 the plaintiff, then in the United States Army, was among the first soldiers to occupy Munich, Germany. There he and some companions entered Adolph Hitler’s apartment and removed various items of his personal belongings. The plaintiff brought his share home to Louisiana. It included Hitler’s uniform jacket and cap and some of his decorations and personal jewelry.
The plaintiff’s possession of these articles was publicly known. Louisiana newspapers published stories and pictures about the plaintiff’s collection and he was the subject of a feature story in the Louisiana State University Alumni News of October, 1045. There is some indication that the articles were occasionally displayed to the public.
In 1968 the collection was stolen by the plaintiff’s chauffeur, who sold it to a New York dealer in historical Americana. The dealer sold it to the defendant who purchased in good faith. Through collectors’ circles the plaintiff soon discovered the whereabouts of his stolen property, made a demand! for its return that was refused, and commenced this action seeking the return.
The defendant resists and asks summary judgment on the ground that the plaintiff cannot succeed in the suit since he “never obtained good and legal title to this collection ”, that 11 the collection properly belongs to the occupational military authority and/or the Bavarian Government ’ ’.
This defense, title in a third party, was at one time effective (Code Civ. Pro., ’§ 1723; Civ. Prac. Act, § 1093). But it did not survive the enactment of CPLB, 7101 of which provides for the recovery of a chattel by one who has the superior right to possession. (Bulman v. Bulman, 57 Misc 2d 320; see also Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLB 7101.) In proposing the elimination of this defense, the draftsmen of the CPLB sought to prevent the very thing being attempted by the defendant here. ‘ ‘ The present law thus allows a defendant who has a lesser right to possession than the plaintiff to keep the property and withstand a replevy by asserting the superior right of a third person, even though there is no assurance that he will turn over the property to the third person. There is no good reason to perpetuate this situation, for if the holder of a chattel is genuinely concerned about the rights of the true owner, he may employ the modern procedural device of interpleader to protect them, or may merely notify the person who claims to be the true owner and the latter may intervene.” (Fourth Preliminary Beport of the Advisory *208 Committee on Practice and! Procedure, N. Y. Legis. Doc. I960, No. 20, p. 254.)
The question presented by an action to recover a chattel is “ whether or not ,a plaintiff has such title in the cause of action so that a recovery or satisfaction by it will protect the defendant from the claims of third parties1 ’ ’ (Bulman v. Bulman, supra, p. 321). Applying this test we find that the plaintiff must recover possession of the chattels. The defendant, despite its good faith, has no title since its possession is derived from a thief (Uniform Commercial Code,. § 2-403; Bassett v. Spofford, 45 N. Y. 387). The plaintiff’s possession prior to the theft and since 1945 is unquestioned. He further benefits from article 3509 of the Louisiana Civil Code which provides that when “ the possessor of any movable whatever has possessed it for ten years without interruption, he shall .acquire the ownership of it without being obliged! to produce a title or to prove that he did not act in bad faith ’ ’.
The cases cited by the defendant have no applicability to actions to recover a chattel under the CPLB.
Summary judgment is granted to the plaintiff.