■ ARTHUR THOMPSON, Respondent, v VICTOR SCOCOZZA STUDIO ASSOCIATES, INC., et al., Appellants. — Orders of the Supreme Court, New York County (Taylor, J.) entered on February 23, and July 27, 1981, which, respectively, *inter alia,* denied defendants' motion to dismiss the complaint, granted plaintiff's application for a preliminary injunction, directed plaintiff to file an undertaking and which denied defendants' subsequent motion to be relieved from the provisions of the first entered order, are affirmed, with one bill of costs. Order and judgment (one paper) of said court entered on June 4, 1981 which, *inter alia,* granted plaintiff's motion finding defendants to be in contempt for failing to comply with the court's order entered on February 23, 1981, imposed a fine of $250 for each of nine violations and awarded attorney's fees, is modified, on the law and on the facts, to the extent of vacating the fine imposed and award of counsel fees, and determination of these issues is referred to the trial court, and otherwise affirmed, without costs. This is an action where plaintiff seeks an injunction and money damages amounting to more than two and one-half million dollars. It is alleged that the defendants failed to provide certain services and make repairs to plaintiff's apartment, thereby denying him full use of this premise. As a result, plaintiff allegedly suffered damages. Special Term granted a preliminary injunction and directed the defendants to provide all regular apartment services to plaintiff. The defendants failed to comply with this order, resulting in a finding of contempt. As a consequence the court imposed monetary sanctions and awarded counsel fees. At this juncture where plaintiff has not yet established his damages, the imposition of these fines may be interpreted as an estimation of the amount of damages plaintiff sustained after issuance of the preliminary injunction. Presumably, the damages suffered before the court granted the injunction are similar to those encountered after this preliminary determination. Therefore, any determination as to this issue is premature and amounts to a punishment rather than indemnification (Judiciary Law, § 773). This practice has been proscribed, and the imposition of a fine in a matter of this nature should be remedial, which, on the facts before us, it was not (*State of New York v Unique Ideas,* 44 NY2d 345). In addition, section 773 of the Judiciary Law does not permit recovery of attorney's fees where plaintiff has suffered an actual loss. Plaintiff's alleged actual loss is the basis of plaintiff's main action, and the question of counsel fees should be decided at trial. Concur — Sandler, J. P., Ross and Carro, JJ.

Silverman, J., dissents in part in a memorandum as follows: I agree with the modification by the majority of the order of June 4, 1981 relating to the

amount of fines. I would also modify the orders of February 23, 1981 and July 27, 1981 granting plaintiff a preliminary injunction and denying defendants' motion to be relieved of that injunction in the following respects: (a) I would require a bond in some reasonable amount, say $1,000. On the granting of a preliminary injunction some bond is required to assure payment to the defendants of any damages which may be sustained by reason of the erroneous grant of the injunction. (CPLR 6312, subd [b].) A preliminary injunction may not be granted without provision for an appropriate undertaking. (*City Store Gates Mfg. Corp. v United Steel Prods.*, 79 AD2d 671; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6312.08.) In the present case Special Term fixed a bond of $10. A bond in so derisory an amount is simply an evasion of the statutory requirement. Nor is it enough to say that plaintiff is clearly entitled to the relief demanded. This is after all a *preliminary* injunction, a *provisional* remedy; the statute makes no exception for clear cases; and the case was not so clear but that Special Term denied plaintiff's motion for summary judgment. The failure to fix a bond in some reasonable amount was thus erroneous as a matter of law. (b) While the grounds of the defenses urged by defendants are certainly ill advised, it remains true that the preliminary injunction requires the landlord to furnish considerable services, most of them to a whole building, because of one one-room tenant who has a $110 per month rental obligation. At a minimum, if the landlord is required to pay these expenses, the grant of the preliminary injunction should be conditioned upon current prompt payment by the tenant of his rent. At the time that the preliminary injunction was granted, the tenant had been essentially out of possession for over two years and, justifiably or not, had not paid any rent for over three years. (We were informed on oral argument that since the time of the motion to punish for contempt in this case, some months after the injunction, the tenant had tendered checks in full payment of rent from that time on, which the landlord has not deposited.) While I am not clear that consideration of the adequacy of a remedy at law and a balancing of the relative hardships of an injunction justify an injunction in this case, I limit my dissent to the points I have mentioned.