OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
Petitioner’s (landlord’s) motion for attorney’s fees is denied.
Landlord brought this nonpayment summary proceeding against respondent (tenant) in April 1986. In November 1985, tenant had filed a rent overcharge complaint with the New York State Division of Housing and Community Renewal (DHCR). On July 18, 1986, this court (Norman C. Ryp, J.) granted tenant’s motion for a stay of the proceeding pending DHCR’s determination of the complaint and ordered tenant to pay rent at the rate established in the previous lease. On December 9, 1986, the parties settled this proceeding by a *956 stipulation providing "that the petition and counterclaims are withdrawn without prejudice. LL [landlord] has received a check for $18,088.80 on this date taken subject to collection.” Landlord does not assert that the check was not collected. Then, on April 13, 1987, DHCR District Rent Administrator issued a decision holding that the rent stated in the current lease was lawful.
Landlord contends that, based on the DHCR’s decision, landlord has prevailed in the nonpayment proceeding and is entitled to attorney’s fees. A landlord’s entitlement to attorney’s fees in a summary proceeding depends on the existence of a provision for fees in the lease. (Reilly v Annunziata, NYLJ, Aug. 16, 1985, at 6, col 1 [App Term, 1st Dept]; St. Marks Place Assocs. v Nieves, NYLJ, Apr. 23, 1985, at 12, col 5 [App Term, 2d and 11th Dists].) The lease between this landlord and tenant does not obligate tenant to pay attorney’s fees resulting from a nonpayment proceeding that was settled. The lease is a standard form prepared by the Real Estate Board of New York, Inc., which states in paragraph 18, "If this lease is ended by Owner because of your default * * * (c) Whether the Apartment is re-rented or not, you must pay the Owner as damages: * * * (2) Owner’s expenses for attorney’s fees.” A nonpayment proceeding, unlike a holdover proceeding, is not preceded by a notice of termination, and the tenancy does not end until a final judgment is signed. Paragraph 17 of the lease ("Default”) recognizes this fact, distinguishing between nonpayment of rent and other defaults under the lease. This proceeding was withdrawn before it reached the stage for judgment. (See, St. Marks Place Assocs. v Nieves, supra; CEP Realty Corp. v Ayers, NYLJ, Feb. 5, 1986, at 14, col 6 [App Term, 9th and 10th Dists] [no provision in lease for landlord to recover attorney’s fees for nonpayment proceeding].)
Furthermore, even if the lease entitled landlord to attorney’s fees, the settlement of this nonpayment proceeding without a provision for attorney’s fees or a reservation of landlord’s right to pursue fees in the future would constitute a waiver by landlord of any claim to the fees, because allowing a subsequent claim would amount to setting aside the settlement, which should not be done except for good cause. (Seventy-Second St. Props. v Woods, 67 Misc 2d 539, 541 [Civ Ct, NY County 1971].) In this settlement, the proceeding was withdrawn. The parties’ understanding was that it no longer existed. The proceeding should not be reactivitated. Had landlord wished, it could have chosen to await the DHCR’s deci *957 sion and pursue its claims once the stay of the nonpayment proceeding no longer applied.
This is not a case similar to Elkins v Cinera Realty (61 AD2d 828 [2d Dept 1978]). The stipulation of December 9, 1986, was not an intermediate stage in the proceedings between the parties. It was the end of the judicial proceeding. Just as the administrative proceeding began before landlord brought the judicial nonpayment proceeding, so the DHCR’s decision was rendered after the judicial proceeding was withdrawn. Landlord’s prevailing in its defense of the rent overcharge claim had no effect on the judicial proceeding, which by then was nonexistent.
Accordingly, motion denied.