■ G & S QUALITY INC., Respondent, v BANK OF CHINA, Appellant. [650 NYS2d 97] —Order, Supreme Court, New York County (Charles Ramos, J.), entered June 2, 1995, which directed defendant bank to deliver certain documents to plaintiff, and order and judgment (one paper), same court and Justice, entered October 13, 1995, which held defendant in contempt for disobedience of the prior order and fined it $21,712, unanimously modified, on the law, to vacate those parts of the order and judgment which direct the arrest of an officer of defendant upon failure to pay the fine, and payment of attorneys' fees in the amount of $1,500, and otherwise affirmed, without costs.

The motion court's "order of seizure" was, in effect, a grant of summary judgment in a replevin action, and was procedurally proper as the parties had " 'deliberately chart[ed] a summary judgment course' " (*Mihlovan v Grozavu*, 72 NY2d 506, 508). Therefore, the order did not have to be effected by the sheriff or supported by an undertaking, as required by CPLR 7102 in the case of preliminary relief. On the merits, the argument that title lies with a third party, as asserted by defen-

dant, is not a valid defense; the plaintiff need only establish a superior possessory right in the chattel to that of the defendant (*see*, *Lieber v Mohawk Arms*, 64 Misc 2d 206, 207.

The finding of contempt was properly made on the basis of defendant's failure to comply with the prior order to release the documents to plaintiff, having refused to do so on two occasions when plaintiff appeared and demanded the documents at defendant's offices, one of which visits was preceded by a telephone conference call with the court. However, it was error to direct the arrest of a corporate officer of defendant if the contempt were not purged by payment of the fine, since only an officer made a party to the contempt proceeding can be subjected to arrest for failure to purge the contempt (*Spuncraft, Inc. v Jay Mfg. Co.*, 47 Misc 2d 780, 781). The collection of the fine is therefore limited to execution. In addition, the award of $1,500 for attorneys' fees was improper, since Judiciary Law § 773 does not authorize the recovery of attorneys' fees where actual damages are established (*see*, *Thompson v Scocozza Studio Assocs.*, 86 AD2d 830; *Ellenberg v Brach*, 88 AD2d 899, 902). Accordingly, the fine is limited to $20,212, the amount of plaintiff's actual loss. Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.