■ Leon E. Jamie et al., Respondents, v Edward D. Jamie, Jr., Appellant. [798 NYS2d 36]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 16, 2005, in favor of plaintiffs and against defendant in the amount of $217,626.87, unanimously modified, on the facts, to reduce the award to $150,000, and otherwise affirmed, without costs. Appeal from order and judgment (one paper), same court and Justice, entered June 6, 2003, which held defendant in contempt and fined him $55,800 representing plaintiffs' actual loss caused by the contempt, and, insofar as challenged, held that plaintiffs are also entitled to recover their reasonable costs and expenses, including attorneys' fees, incurred in prosecuting the contempt motion, and referred the issue of such reasonable costs and expenses to a Special Referee to hear and report, unanimously dismissed, without costs, as subsumed in the appeal from the February 16, 2005 judgment. Appeal from order, same court and Justice, entered December 16, 2004, which granted plaintiffs' motion to confirm the Special Referee's report finding plaintiffs' reasonable costs and expenses to be $217,626.87, unanimously dismissed, without costs, as subsumed in the appeal from the February 16, 2005 judgment.

We construe Judiciary Law § 773 to mean that where an actual loss has been caused by a contempt, the aggrieved party is entitled to recover not only the amount of such loss, but also the reasonable costs and expenses in proving such amount and the attendant contempt (cf. Cascade Mushroom Co. v Aux Delices Des Bois, 293 AD2d 305 [2002]; Pace Adv. Agency v Manhattan Pac. Mgt. Co., 237 AD2d 131 [1997]). To hold that reasonable costs and expenses are recoverable only when an actual loss or injury is not shown (see e.g. G & S Quality v Bank of China, 233 AD2d 215, 216 [1st Dept 1996], citing, inter alia, Thompson v Scocozza Studio Assoc., 86 AD2d 830 [1st Dept 1982]) would be to make recovery of an actual loss or injury anomalously disadvantageous where, as here, the claimed costs and expenses incurred in prosecuting the contempt are much larger than the claimed actual loss caused by the contempt. Accordingly, we overrule our prior holdings that attorneys' fees are not recoverable where actual damages are shown.

However, we modify to reduce the award of costs and expenses as above indicated. First, plaintiffs are not entitled to any attorneys' fees for work performed after June 2, 2003, the date of the order referring the matter to a Special Referee, or to any other costs and expenses incurred after that date. The order states that "plaintiffs shall be entitled to the attorney's fees, along with the costs and disbursements, which they have *incurred* in prosecuting this contempt motion" (emphasis added). The use of the past tense plainly limits recovery to the date of the order. Second, upon review of the record, we find that the number of hours that plaintiffs' attorneys claimed to have spent on the matter is excessive. Concur—Andrias, J.P., Marlow, Sullivan, Ellerin and Nardelli, JJ.