[6 NYS3d 911]

ANNABELLE RANDOLPH, Petitioner, v NEW YORK CITY HOUSING AUTHORITY EAST RIVER HOUSES, Respondent.

Civil Court of the City of New York, New York County, April 16, 2015

**APPEARANCES OF COUNSEL**

*The Legal Aid Society*, New York City (*Alan Canner* of counsel), for petitioner.

*Kelly D. MacNeal, General Counsel, New York City Housing Authority,* New York City (*Harley D. Diamond* of counsel), for respondent.

**OPINION OF THE COURT**

Sabrina B. Kraus, J.

## Background

The underlying Housing Part proceeding was commenced by Annabelle Randolph (tenant), the tenant of record of 448 East 105th Street, apartment 4A, New York, New York 10029 (subject premises) against New York City Housing Authority— East River Houses (NYCHA), the owner and landlord of the building, seeking correction of violations. It was consolidated with a nonpayment proceeding between the same parties.

On June 4, 2014, the court held a hearing on pending motions for contempt in the consolidated proceedings. On June 27, 2014, both parties submitted memoranda in support of their positions and the relief sought. Tenant submitted a 43-page memorandum in which she sought $48,607 in fines based on claimed "actual damages" for civil contempt and $5,000 in fines for criminal contempt. Nowhere in her submission did tenant request attorneys' fees or claim that any attorneys' fees had been incurred and should be included in the actual damages sought pursuant to Judiciary Law § 773.

On July 8, 2014, this court issued a decision, after a hearing, finding NYCHA in civil and criminal contempt based on its failure to comply with prior stipulations and orders, in the consolidated proceedings and fining NYCHA $10,194 for the civil contempt, and $300 for the criminal contempt.

On August 1, 2014, NYCHA filed a notice of appeal from each and every part of the decision and order, and asserted its rights to an automatic stay, pursuant to CPLR 5519 (a) (1). On August 15, 2014, tenant filed a notice of cross appeal which provided in pertinent part that tenant appealed "from that part of the decision/order that limited civil damages to $10,194.00 and the method by which the damages were determined."

Thereafter, tenant moved the Appellate Term for an order vacating the automatic stay or, alternatively, compelling NYCHA to perfect its appeal by a date certain.

On November 5, 2014, the parties entered into a stipulation withdrawing tenant's motion without prejudice, providing that

NYCHA would pay the fines in accordance with the court's order within 60 days, and that upon payment of same, both the appeal and cross appeal would be withdrawn.

On November 20, 2014, the Appellate Term marked tenant's motion as withdrawn (2014 NY Slip Op 90699[U] [App Term, 1st Dept 2014]).

## The Pending Motion

On January 22, 2015, tenant moved for an order granting her a judgment for attorneys' fees pursuant to section 773 of the Judiciary Law. On March 5, 2015, all the papers were submitted and the court reserved decision.

NYCHA argues that tenant has waived the right to seek fees by failing to expressly reserve said claim in the November 5, 2014 stipulation settling the pending appeals.

The court finds that tenant has waived the right to seek attorneys' fees pursuant to Judiciary Law § 773 by failing to seek attorneys' fees as part of the actual damages awarded by the court pursuant to the hearing, and then again by entering into a stipulation agreeing to have NYCHA pay the fines pursuant to the court's order and withdrawing the appeals, without expressly preserving the right to seek attorneys' fees.

Tenant's claim for attorneys' fees pursuant to section 773 of the Judiciary Law should have been asserted as part of the actual damages incurred as a result of the civil contempt.

Judiciary Law § 773 is captioned "Amount of fine." It provides in pertinent part:

> "If an actual loss or injury has been caused to a party to an action or special proceeding, by reason of the misconduct proved against the offender . . . a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court" (id.).

Judiciary Law § 773 has been held to allow for the inclusion of attorneys' fees and costs in the calculation of actual damages suffered by a party as a result of civil contempt (*Jamie v Jamie*, 19 AD3d 330 [2005]). However, tenant did not seek to assert a claim for attorneys' fees at the hearing, or in the posttrial memorandum detailing damages. Tenant asserted said claim for the first time after reaching a stipulation of settlement with NYCHA on payment of the fines and the pending appeals.

The whole purpose of the hearing and the submission of memoranda after the hearing was for the court to make a determination as to whether a finding of contempt was appropriate and to determine the actual damages incurred by tenant as a result of the contempt. Unlike an application under Real Property Law § 234 which must be made after trial and a final determination on the merits, an application to include fees as part of damages under Judiciary Law § 773 should not be first raised after a determination of damages has already been made by the court, instead it is intended as described in the statute to be a part of the proof of damages provided at the hearing.

By failing to make this claim until after the court had already ruled on the amount of damages, tenant waived her right to seek this relief. It is the same as if tenant now asserted additional property damage or other monetary loss for the first time as a result of the contempt. The statute does not contemplate separate consecutive independent applications for damages arising out of the same contempt.

By entering a stipulation agreeing to the amount of fine to be paid and the withdrawal of the pending appeals, tenant waived her right to seek attorneys' fees.

Assuming, arguendo, the failure of tenant to request fees as part of actual damages until after the court had ruled did not constitute a waiver of the claim for attorneys' fees, certainly the execution of a stipulation agreeing to the amount of the fine to be paid and withdrawal of the pending appeals upon the payment of said fine, did constitute such waiver.

It is well settled that where parties enter into a stipulation resolving a pending matter, unless the right to seek attorneys' fees is expressly reserved said claim is waived (*167-169 Allen St. HDFC v Franklin*, 28 Misc 3d 136[A], 2010 NY Slip Op 51426[U] [2010]; *Amalgamated Dwellings, Inc. v Blutreich*, 69 AD3d 486 [2010]; *512 E. 11th St. HDFC v Als*, 10 Misc 3d 142[A], 2006 NY Slip Op 50079[U] [2006] [landlord failed to demonstrate entitlement to attorneys' fees since no provision was included in stipulation settling underlying proceeding, if parties intend for claim to survive execution of agreement, claim must be expressly preserved in the agreement]).

"Since there was no express reservation of rights with respect to the derivative issue of attorneys' fees, it must be deemed to have been waived and subsumed in the negotiated settlement" (*Rosewohl Enters., LLC v Gluck*, 16 Misc 3d 132[A], 2007 NY Slip Op 51458[U], *1 [2007], citing *Harmir Realty Co.*

*v Tesa*, 2003 NY Slip Op 50015[U] [2003]; *Gaisi v Gaisi*, 48 AD3d 744 [2008]; *CL Realty v Eliran*, 137 Misc 2d 955 [1987]; *J.D. Realty Assoc. v Shanley*, 288 AD2d 27 [2001]).

Based on the foregoing, the motion for attorneys' fees is denied.